1  GLENN L. BRIGGS (SB# 174497)
   gbriggs@hbwllp.com
2  THERESA A. KADING (SB# 211469)
   tkading@hbwllp.com
3  THOREY M. BAUER (SB# 234813)
   tbauer@hbwllp.com
4  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
5  Irvine, CA 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   TARGET CORPORATION

8

FILED

2008 JUN -5 P 1: 41

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

9

10

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

C08 02806

| | |
|---|---|
| 11  VICTORIA CHAU, | CASE NO. _____ |
| 12  Plaintiff, | (Santa Clara County Superior Court Case No. 107CV100965) |
| 13  vs. | **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 29 U.S.C. SECTIONS 1332(a)(1) AND 1441(a) - DIVERSITY** |
| 14 | |
| 15  TARGET CORPORATION, and DOES 1 to 50, inclusive, | |
| 16 | |
| 17  Defendants. | Action filed: December 13, 2007 |

18

19

20

21

22

23

24

25

26

27

28

30782_1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Target Corporation (hereinafter "Target") hereby removes to this Court the state court action described below:

1.    On December 13, 2007, Plaintiff Victoria Chau ("Plaintiff") commenced an action against Target in the Superior Court of the State of California, County of Santa Clara, entitled <u>Victoria Chau v. Target Corporation</u>, as case number 107CV100965. A true and correct copy of the complaint is attached hereto as Exhibit "A." A true and correct copy of the summons is attached hereto as Exhibit "B." Plaintiff did not serve Target with the Complaint.

2.    On May 6, 2008, Plaintiff filed a first Amended Complaint ("FAC"). A true and correct copy of the FAC is attached hereto as Exhibit "C." Plaintiff served Target with a copy of the FAC on May 7, 2008. A copy of the "Service of Process Transmittal," indicating the date of service, is attached hereto as Exhibit "D." This Notice of Removal is filed within 30 days from the date upon which Target was served and is within the time for removal provided by law. <u>See</u> 28 U.S.C. § 1446(b).

3.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Target pursuant to the provisions of 28 U.S.C. section 1441, in that it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.    In her FAC, Plaintiff alleges that she is a resident of Santa Clara County, California. (<u>See</u> Ex. A, ¶ 1.)

30782_1

- 2 -

5.    At the time of filing of the Complaint, Target, the only defendant named in this lawsuit, was and currently is a Minnesota corporation with its principal place of business in Minnesota.

6.    In order to determine where an entity's principal place of business is located, courts use either the "place of operations test," under which a corporation's principal place of business is the state which contains a *substantial predominance* of corporate operations, or – if the entity's operations are far flung – courts employ the "nerve center test," under which a corporation's principal place of business is the state in which its operations are controlled.

7.    The "place of operations" test is appropriate where a corporation conducts substantially all of its operations in one state, such that its business activities substantially predominate in that state. Tosco Corp. v. Communities for a Better Env't, 236 F.2d 495, 500 (9th Cir. 2001). Thus, this test does not simply render a corporation a citizen of whichever state its presence is the greatest – the test is one of "substantial predominance."

8.    Target's business activities do not "substantially predominate" in any one state. Where a company does not conduct the predominance of its business in any single state, it is considered a far-flung corporation. State Auto Fin. Acquisition Corp. v. State Auto. Mut. Ins. Co., 289 F. Supp. 2d 906, 912 (S.D. Ohio 2003); Arellano v. Home Depot U.S.A., Inc., 245 F. Supp. 2d 1102, 1107-08 (S.D. Cal. 2003) (holding that a corporation operating stores in forty-nine states is far-flung); McCabe v. Henpil, Inc., 889 F. Supp. 983, 990 (E.D. Tex. 1995) (finding a multi-state grocery store chain to be far-flung corporation). Here, Target

30782_1

- 3 -

1    has hundreds of stores in all but one of the continental United States.[1]  Target,

2    accordingly, is a far-flung corporation.

3

4        9.    When considering a corporation, such as Target, whose business

5    activities are far flung, the sole nerve center of that corporation is appropriate to

6    determine the corporation's principal place of business.  Under this scenario, courts

7    consider (1) where executives have their offices, (2) where administrative and

8    financial records are kept, (3) where the corporate income tax returns are filed, (4)

9    where the "home office" is located, and (5) where day-to-day control of business is

10   exercised in order to determine where the "nerve center" of the corporation is

11   located.  See Unger v. Del E. Webb Corp., 233 F. Supp. 713, 716 (N.D. Cal. 1964).

12

13       10.   Under the "nerve center" test, Target's principal place of

14   business is Minnesota.  Target maintains its "home office" in Minneapolis,

15   Minnesota.  Target's top executives work out of the "home office" in Minneapolis,

16   Minnesota.  Target also maintains its corporate records and controls business from

17   Minneapolis, Minnesota.  Finally, Target files its corporate income tax returns in

18   Minneapolis, Minnesota.  See Unger, 233 F. Supp. at 716.  As a result, Target's

19   principal place of business is Minnesota.

20

21       11.   On June 4, 2008, Thorey M. Bauer, Esq. for Hodel Briggs

22   Winter LLP, counsel for Target, had a telephone conversation with John P. Cardosi,

23   Esq., counsel for Plaintiff, and discussed the amount of damages Plaintiff was

24   seeking in connection with her FAC.  During this conversation, Mr. Cardosi

25   informed Ms. Bauer that Plaintiff was seeking $100,000 as damages in this case.

26   As a result, the amount in controversy exceeds $75,000.

27

28   [1] The only states that currently do not have any Target stores are Alaska, Hawaii,
     and Vermont.
     30782_1                              - 4 -

12.    Attached hereto as Exhibit "E" is a copy of Target's Answer to Plaintiff's Unverified Amended Complaint, which was served and filed with the Superior Court for the State of California, County of Santa Clara, on June 4, 2008, prior to the removal of this action.

13.    Target is informed and believes that Exhibits "A," "B," "C," and "E" constitute all the process, pleadings, and/or orders filed and received by Target in this action.

14.    On this or the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the Santa Clara County Superior Court. True and correct copies of these notices are attached hereto as Exhibits "F" and "G," respectively.  The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

DATED: June 4, 2008          HODEL BRIGGS WINTER LLP
                             GLENN L. BRIGGS
                             THERESA A. KADING
                             THOREY M. BAUER

                             By: _Theresa Kading_____
                                   THERESA A. KADING
                             Attorneys for Defendant
                             TARGET CORPORATION

**EXHIBIT A**

1  **DIEMER, WHITMAN & CARDOSI, LLP**
   JOHN P. CARDOSI, ESQ., State Bar No. 111381
2  75 East Santa Clara Street, Suite 290
   San Jose, California  95113
3  Telephone:  408-971-6270
   Facsimile: 408-971-6271
4
   Attorneys for Plaintiff                                    **UCS**
5  VICTORIA CHAU
                                                      J. Cao-Nguyen
6
7             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA  Santa Clara Co
                                                      12/13/07    2:56pm
8               IN AND FOR THE COUNTY OF SANTA CLARA  Kiri Torre
                                                      Chief Executive Offic
9  VICTORIA CHAU,                    )  No.  1 0 7 CV 1 0 0 9 6 5  DTSCIV
                                     )                R#20070012842
10                 Plaintiff,        )  COMPLAINT  CK        $320.00
                                     )             TL        $320.00
11         v.                        )             Case: 1-07-CV-100965
                                     )
12 TARGET CORPORATION., and DOES 1 to 50,  )  UNLIMITED JURISDICTION
   inclusive,                        )
13                                   )
                   Defendants.       )
14  _____)

15         Plaintiff alleges for her complaint:

16                          **FIRST CAUSE OF ACTION**
                    **(Violation of FEHA - Discrimination Based on Sex**
17                          **-Against  All Defendants)**

18         1.     Plaintiff VICTORIA CHAU, is an individual who at all times herein mentioned

19  resided in Santa Clara County, California.

20         2.     Defendant TARGET CORPORATION [hereinafter referred to as "EMPLOYER"]

21  is a Minnesota corporation authorized to do business in California and doing business in the City

22  of San Jose, county of Santa Clara, California.

23         3.     The true names and capacities, whether individual, corporate, associate, or

24  otherwise, of defendants named herein as Does 1 through 50 are unknown to plaintiff, who

25  therefore sues said defendants by such fictitious names.  Plaintiff prays leave to amend this

26  complaint when their true names and capacities have been ascertained. Each such fictitiously

27  named defendant is legally responsible in some manner, negligent or otherwise, for the damages

28  sustained by the plaintiff alleged herein.

COMPLAINT

1   .4. At all times herein mentioned, each of the defendants, including Does 1 through 50,

2 was the agent, servant, and employee of the other defendants and was acting at all times within the

3 scope of his/her agency and with the knowledge and consent of his/her employer. Defendants, and

4 each of them, at all times herein mentioned acted jointly and in concert and conspired and agreed

5 to do the things hereinafter specified; and each and all of the things hereinafter alleged to have

6 been done by defendants or any of them, were done as co-conspirators and thus, as agents for each

7 other, as well as in their respective individual capacities to advance their own individual interests.

8   5. EMPLOYER is an employer, within the meaning of the Fair Employment and

9 Housing Act (FEHA). EMPLOYER is an employer subject to the provisions of FEHA as it relates

10 to discrimination based on sex and sexual harassment.

11   6. At all times pertinent hereto, plaintiff was an employee of EMPLOYER, employed

12 at EMPLOYER'S store located at 1750 Story Road, San Jose, CA..

13   7. Plaintiff has filled a timely complaints of employment discrimination with the

14 DFEH, following which the DFEH issued a right to sue notices.

15   8. Beginning around June of 2006 and continuing until December 15, 2006, May

16 25, 2004 plaintiff was harassed because of her sex. Plaintiff was harassed by Eric Cochran,

17 Sergio Mendoza, David Wilmore, D. Tran. The harassment included verbal and physical

18 conduct sexual in nature, which was unwelcome, occurred frequently, and created a hostile and

19 offensive work environment.

20   9. From around June of 2006 through around December of 2006, plaintiff

21 experienced insubordination from co-employees, including employees under her supervision,

22 including refusal to follow her instructions, ignoring her instruction, taunting, lying, and

23 gossiping about plaintiff. When such insubordination was reported by plaintiff, EMPLOYER

24 failed to discipline or take action against plaintiff's subordinates and instead blamed the

25 insubordination on Plaintiff because she was too "girly" and too "cute." During such time,

26 plaintiff complained to Kelly Gonzales, an Executive Team Leader in EMPLOYER'S Human

27 Resource Department about this conduct and was told by Gonzales that people would not listen

28 to plaintiff because she was too cute, and because of how plaintiff dressed, even though

COMPLAINT      2

1  plaintiff always dressed professionally and within EMPLOYER'S dress policy. During such

2  time plaintiff complained to D. Tran, one of EMPLOYER'S Executive Team Leader, Guest

3  Services, about such conduct and was told by Tran that plaintiff was too "girly" and if she

4  wanted her female subordinates to work for her she would have to "get rid of her girly side"

5  and "make her voice deeper." From around June of 2006 through around the beginning of

6  September 2006, plaintiff complained about such conduct to Eric Cochran, one of

7  EMPLOYER'S Executive Team Leaders, and was told by Cochran that she needed to change

8  the way she dressed as she was too cute.

9      9.    In or around July of 2006 plaintiff reported sexual harassment by Sergio

10  Mendoza to EMPLOYER'S  management, following which EMPLOYER refused to take

11  corrective action or discipline Sergio Mendoza.

12      10.    In or around August and September of 2006, Eric Cochran, an Executive Team

13  Leader of EMPLOYER, repeatedly asked plaintiff to date him in consideration of which he

14  would help plaintiff secure a promotion to Senior Team Lead. On or around September 26,

15  2006, plaintiff reported Cochran's conduct to EMPLOYER'S management. At or around that

16  time plaintiff requested a transfer to another store as she did not feel comfortable continuing to

17  work around Cochran.

18      11.    Following plaintiff's complaints to management about Cochran's conduct,

19  EMPLOYER disclosed to plaintiff's co-employees that plaintiff had made the complaint

20  concerning Cochran, following which plaintiff was subjected to further harassment by her co-

21  employees in retaliation for the complaint. In response, plaintiff made repeated requests for a

22  transfer to another store, which EMPLOYER refused.

23      12 .    Defendants wrongful conduct as set forth above was a violation of plaintiff's

24  rights under California's Fair Employment and Housing Act.

25      13.    Plaintiff made timely complaints about the harassment to the management of

26  EMPLOYER, but employer failed to take steps to stop the harassment.

27      14.    As a direct and proximate result of the pervasive and repeated harassment,

28  plaintiff endured great mental suffering and emotional distress.

1      15.     Defendants acted with malice and oppression, by reason of which plaintiff is

2   entitled to an award of punitive and exemplary damages according to proof.

3        WHEREFORE, plaintiff prays judgment as hereafter set forth.

4                            **SECOND CAUSE OF ACTION**
       **(Violation of FEHA - Discrimination Based on National Origin and Ancestry**

5                              **-Against  All Defendants)**

6      16.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 15 of this

7   complaint as though fully set forth herein.

8      17.     Defendant's conduct and harassment as set forth above was motivated in part by

9   plaintiff's national origin and ancestry, Vietnamese.

10      8.     Defendants wrongful conduct as set forth above was a violation of plaintiff's

11   rights under California's Fair Employment and Housing Act.

12      13.     Plaintiff made timely complaints about the harassment to the management of

13   EMPLOYER, but employer failed to take steps to stop the harassment.

14      14.     As a direct and proximate result of the pervasive and repeated harassment,

15   plaintiff endured great mental suffering and emotional distress.

16      15.     Defendants acted with malice and oppression, by reason of which plaintiff is

17   entitled to an award of punitive and exemplary damages according to proof.

18        WHEREFORE, plaintiff prays judgment as follows:

19      1.     For lost wages, salary, income, benefits, medical expense, and other special and

20   consequential damages according to proof;

21      2.     For general damages according to proof;

22      3.     For punitive and exemplary damages according to proof;

23      3.     For interest on the sum of damages awarded;

24      4.     For reasonable attorney's fees;

25      6.     For costs of suit herein incurred; and

26

27

28

COMPLAINT                          4

.7.     For such other and further relief as the court deems just and proper.

Dated: December _13_, 2007

DIEMER, WHITMAN & CARDOSI, LLP

By: _____
    JOHN P. CARDOSI
    Attorneys for Plaintiff
    VICTORIA CHAU

COMPLAINT

5

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORP. and Does 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
VICTORIA CHAU



DEC 13 07

KIRI TORRE
CHIEF EXEC. OFFICER /CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SANTA CLARA COUNTY SUPERIOR COURT<br>191 NORTH FIRST STREET<br>SAN JOSE, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>1 07 CV 100965 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOHN CARDOSI, DIEMER WHITMAN & CARDOSI
75 EAST SANTA CLARA STREET, SAN JOSE, CA 95113  408-971-6270

| DATE: DEC 13 2007 | Kiri Torre | Clerk, by | J. Can-Nguyen | Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* TARGET CORPORATION

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT  C**

5/7/08→2:40p

1   DIEMER, WHITMAN & CARDOSI, LLP
    JOHN P. CARDOSI, ESQ., State Bar No. 111381
2   75 East Santa Clara Street, Suite 290
    San Jose, California  95113
3   Telephone:  408-971-6270
    Facsimile:  408-971-6271
4
    Attorneys for Plaintiff
5   VICTORIA CHAU



6

7           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN AND FOR THE COUNTY OF SANTA CLARA

9   VICTORIA CHAU,                          No. 107CV100965

10              Plaintiff,                   AMENDED COMPLAINT

11      v.

12  TARGET CORPORATION., and DOES 1 to 50,  UNLIMITED JURISDICTION
    inclusive,
13
                Defendants.
14

15      Plaintiff alleges for her complaint:

16                      FIRST CAUSE OF ACTION
               (Violation of FEHA - Discrimination Based on Sex
17                       -Against All Defendants)

18      1.      Plaintiff VICTORIA CHAU, is an individual who at all times herein mentioned

19  resided in Santa Clara County, California.

20      2.      Defendant TARGET CORPORATION [hereinafter referred to as "EMPLOYER"]

21  is a Minnesota corporation authorized to do business in California and doing business in the City

22  of San Jose, county of Santa Clara, California.

23      3.      The true names and capacities, whether individual, corporate, associate, or

24  otherwise, of defendants named herein as Does 1 through 50 are unknown to plaintiff, who

25  therefore sues said defendants by such fictitious names.  Plaintiff prays leave to amend this

26  complaint when their true names and capacities have been ascertained. Each such fictitiously

27  named defendant is legally responsible in some manner, negligent or otherwise, for the damages

28  sustained by the plaintiff alleged herein.

AMENDED COMPLAINT

4.    At all times herein mentioned, each of the defendants, including Does 1 through 50, was the agent, servant, and employee of the other defendants and was acting at all times within the scope of his/her agency and with the knowledge and consent of his/her employer. Defendants, and each of them, at all times herein mentioned acted jointly and in concert and conspired and agreed to do the things hereinafter specified, and each and all of the things hereinafter alleged to have been done by defendants or any of them, were done as co-conspirators and thus, as agents for each other, as well as in their respective individual capacities to advance their own individual interests.

5.    EMPLOYER is an employer, within the meaning of the Fair Employment and Housing Act (FEHA). EMPLOYER is an employer subject to the provisions of FEHA as it relates to discrimination based on sex and sexual harassment.

6.    At all times pertinent hereto, plaintiff was an employee of EMPLOYER, employed at EMPLOYER'S store located at 1750 Story Road, San Jose, CA..

7.    Plaintiff has filed a timely complaints of employment discrimination with the DPEH, following which the DPEH issued a right to sue notices.

8.    Beginning around June of 2006 and continuing until December 15, 2006, May 25, 2004 plaintiff was harassed because of her sex. Plaintiff was harassed by Eric Cochran, Sergio Mendoza, David Wilmore, D. Tran. The harassment included verbal and physical conduct sexual in nature, which was unwelcome, occurred frequently, and created a hostile and offensive work environment.

9.    From around June of 2006 through around December of 2006, plaintiff experienced insubordination from co-employees, including employees under her supervision, including refusal to follow her instructions, ignoring her instruction, taunting, lying, and gossiping about plaintiff. When such insubordination was reported by plaintiff, EMPLOYER failed to discipline or take action against plaintiff's subordinates and instead blamed the insubordination on Plaintiff because she was too "girly" and too "cute." During such time, plaintiff complained to Kelly Gonzales, an Executive Team Leader in EMPLOYER'S Human Resource Department about this conduct and was told by Gonzales that people would not listen to plaintiff because she was too cute, and because of how plaintiff dressed, even though

AMENDED COMPLAINT                              2

1  plaintiff always dressed professionally and within EMPLOYER'S dress policy. During such

2  time plaintiff complained to D. Tran, one of EMPLOYER'S Executive Team Leader, Guest

3  Services, about such conduct and was told by Tran that plaintiff was too "girly" and if she

4  wanted her female subordinates to work for her she would have to "get rid of her girly side"

5  and "make her voice deeper." From around June of 2006 through around the beginning of

6  September 2006, plaintiff complained about such conduct to Eric Cochran, one of

7  EMPLOYER'S Executive Team Leaders, and was told by Cochran that she needed to change

8  the way she dressed as she was too cute.

9       9.    In or around July of 2006 plaintiff reported sexual harassment by Sergio

10  Mendoza to EMPLOYER'S management, following which EMPLOYER refused to take

11  corrective action or discipline Sergio Mendoza.

12      10.   In or around August and September of 2006, Eric Cochran, an Executive Team

13  Leader of EMPLOYER, repeatedly asked plaintiff to date him in consideration of which he

14  would help plaintiff secure a promotion to Senior Team Lead. On or around September 26,

15  2006, plaintiff reported Cochran's conduct to EMPLOYER'S management. At or around that

16  time plaintiff requested a transfer to another store as she did not feel comfortable continuing to

17  work around Cochran. Plaintiff made timely complaints about the harassment to the

18  management of EMPLOYER, but employer failed to take steps to stop the harassment.

19      11.   Following plaintiff's complaints to management about Cochran's conduct,

20  EMPLOYER disclosed to plaintiff's co-employees that plaintiff had made the complaint

21  concerning Cochran, following which plaintiff was subjected to further harassment by her co-

22  employees in retaliation for the complaint. In response, plaintiff made repeated requests for a

23  transfer to another store, which EMPLOYER refused.

24      12.   On or around December 15, 2006 EMPLOYER fired plaintiff because of her

25  sex, and in retaliation for complaining about the sexual discrimination and sexual harassment.

26      13.   Defendants wrongful conduct as set forth above was a violation of plaintiff's

27  rights under California's Fair Employment and Housing Act.

28

AMENDED COMPLAINT                                3

14.    As a direct and proximate result of the pervasive and repeated harassment, and of the firing, plaintiff has sustained special and general damages according to proof.

15.    Defendants acted with malice and oppression, by reason of which plaintiff is entitled to an award of punitive and exemplary damages according to proof.

WHEREFORE, plaintiff prays judgment as hereafter set forth.

### SECOND CAUSE OF ACTION
**(Violation of FEHA - Discrimination Based on National Origin and Ancestry -Against All Defendants)**

16.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 15 of this complaint as though fully set forth herein.

17.    Defendant's conduct and harassment as set forth above was motivated in part by plaintiff's national origin and ancestry, Vietnamese,

18.    Defendants wrongful conduct as set forth above was a violation of plaintiff's rights under California's Fair Employment and Housing Act.

19.    Plaintiff made timely complaints about the harassment to the management of EMPLOYER, but employer failed to take steps to stop the harassment.

20.    On or around December 15, 2006 EMPLOYER fired plaintiff because of her origin and ancestry, and in retaliation for complaining about the discrimination and harassment based on her national origin and ancestry.

21.    Defendants wrongful conduct as set forth above was a violation of plaintiff's rights under California's Fair Employment and Housing Act.

22.    As a direct and proximate result of the pervasive and repeated harassment, and of the firing, plaintiff has sustained special and general damages according to proof.

23.    Defendants acted with malice and oppression, by reason of which plaintiff is entitled to an award of punitive and exemplary damages according to proof.

WHEREFORE, plaintiff prays judgment as hereafter set forth.

AMENDED COMPLAINT

4

**THIRD CAUSE OF ACTION**
**(Termination in Violation of Public Policy**
**Against All Defendants)**

24.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 23 of this complaint as though fully set forth herein.

25.    Defendants terminated plaintiff's employment with Employer because of plaintiff's complaints regarding defendant's violations of FEHA, as set forth above, and because of her gender and national origin and ancestry.

26.    As a direct and proximate result of the pervasive and repeated harassment, and of the firing, plaintiff has sustained special and general damages according to proof.

27.    Defendants acted with malice and oppression, by reason of which plaintiff is entitled to an award of punitive and exemplary damages according to proof.

WHEREFORE, plaintiff prays judgment as follows:

1.    For lost wages, salary, income, benefits, medical expense, and other special and consequential damages according to proof;

2.    For general damages according to proof;

3.    For punitive and exemplary damages according to proof;

3.    For interest on the sum of damages awarded;

4.    For reasonable attorney's fees;

6.    For costs of suit herein incurred; and

7.    For such other and further relief as the court deems just and proper.

Dated: May 6, 2008        DIEMER, WHITMAN & CARDOSI, LLP

By:_____
JOHN F. CARDOSI
Attorneys for Plaintiff
VICTORIA CHAU

**EXHIBIT D**

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process
Transmittal**
05/07/2008
CT Log Number 513400878

**TO:**     Kristin Graham
Target Corporation
Employee Relations, 33 South Sixth Street, CC-3500
Minneapolis, MN 55402

**RE:**     Process Served in California

**FOR:**    Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Violeta Cleo, Pltf. vs. Target Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Amended Complaint, Summons, Case Management Conference, Attachment(s), Notice, Complaint |
| **COURT/AGENCY:** | Santa Clara County, San Jose, Superior Court, CA<br>Case # 107CV100966 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of Sex and National Origin |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/07/2008 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response # 5-6-08 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | John Caldosi<br>John Caldosi, Diemer Whitman & Cardosi<br>75 East Santa Clara Street<br>San Jose, CA 95113<br>408-971-6270 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 790009976980 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT E**

HODEL BRIGGS WINTER LLP
GLENN L. BRIGGS (SB# 174497)
THERESA A. KADING (SB# 211469)
THOREY M. BAUER (SB# 234813)
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
TARGET CORPORATION

M. Rosales

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

VICTORIA CHAU,

Plaintiff,

vs.

TARGET CORPORATION, and
DOES 1 to 50, inclusive,

Defendants.

CASE NO.: 107CV100965

ANSWER OF DEFENDANT TARGET
CORPORATION TO PLAINTIFF'S
UNVERIFIED AMENDED
COMPLAINT

Action filed: December 13, 2007

Defendant TARGET CORPORATION (hereinafter, "Defendant"), for itself and no others, answers the unverified Amended Complaint ("FAC") of plaintiff VICTORIA CHAU ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every allegation in the FAC. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of

30788_1

- 1 -

ANSWER OF TARGET CORP. TO PLAINTIFF'S UNVERIFIED AMENDED COMPLAINT

any act or omission on the part of Defendant or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

## AFFIRMATIVE DEFENSES

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The FAC, and each purported cause of action contained therein, fails to state facts sufficient to constitute any claim upon which relief may be granted against Defendant.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

2.     Plaintiff has failed to mitigate her damages, if any, and therefore any damages awarded to her must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE
### (Estoppel)

3.     By virtue of Plaintiff's action or inaction, she is estopped as to any and all rights she may have under the facts alleged in the FAC and each and every purported cause of action contained therein.

30783_1

- 2 -

1

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

2

### (Waiver)

3

4      4.      By her conduct, Plaintiff has waived some or all of the causes of

5    action asserted in the FAC.

6

7

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

8

### (Statute of Limitations)

9

10      5.      The FAC, and each purported cause of action contained therein, is

11    barred in whole or in part by all applicable statutes of limitation, including but not limited

12    to California Code of Civil Procedure Sections 335.1, 338, 340, and 343, and California

13    Government Code Section 12965.

14

15

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

16

### (Workers' Compensation Exclusivity)

17

18      6.      The FAC, and each purported cause of action contained therein, is

19    barred, in whole or in part, because the exclusive remedy for the damages alleged by

20    Plaintiff is provided by the California Workers' Compensation Act, California Labor

21    Code Section 3200, *et seq.*  Defendant is also entitled to set-off any recovery Plaintiff may

22    receive from any workers' compensation action.

23

24

25

26

27

28

ANSWER OF TARGET CORP. TO PLAINTIFF'S UNVERIFIED AMENDED COMPLAINT

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

7.    Plaintiff is barred, in whole or in part, from recovery of any damages, based upon the doctrine of after-acquired evidence.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.    The FAC, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to Notify Management)

9.    Plaintiff's FAC is barred, in whole or in part, because Plaintiff failed to notify the appropriate management personnel of the allegedly improper conduct which forms the basis of the FAC.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

10.    Plaintiff's FAC is barred, in whole or in part, because Defendant took reasonable steps to prevent and correct discrimination, harassment, and/or retaliation; Plaintiff unreasonably failed to use the preventative and corrective measures that Defendant provided her; and reasonable use of Defendant's procedures would have prevented all or part of the harm Plaintiff alleges to have suffered.

30783_1

- 4 -

1

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

### (Failure to Exhaust Administrative Remedies)

3

4      11.    Plaintiff's causes of action, arising under the FEHA, are barred

5 because Plaintiff did not timely exhaust the administrative remedies as required and/or

6 otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the

7 FEHA. Cal. Gov't. Code §§ 12900 et seq.

8

9

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

10

### (Reasonableness, Legitimacy and Good Faith)

11

12      12.    The FAC, and each purported cause of action contained therein, is

13 barred in whole or in part because Defendant had an honest, good faith belief that all

14 decisions with respect to Plaintiff's employment were made by Defendant solely for

15 legitimate, business-related reasons and were reasonably based upon the facts as

16 Defendant understood them.

17

18

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19

### (Consent)

20

21      13.    Plaintiff's FAC is barred, in whole or in part, because Plaintiff

22 consented to or welcomed the actions complained of to the extent, if any, that they

23 occurred.

24

25

26

27

28

30783_1

- 5 -

ANSWER OF TARGET CORP. TO PLAINTIFF'S UNVERIFIED AMENDED COMPLAINT

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Course and Scope of Employment)

14.    Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of employment of the employee(s) involved.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Authorization of Alleged Acts)

15.    Leiserv did not authorize, direct or participate in any alleged discriminatory, harassing, or retaliatory conduct.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Decision Made Regardless Of Alleged Improper Grounds)

16.    Defendant denies that it discriminated against Plaintiff.  However, if Plaintiff proves Defendant's acts were discriminatory, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged discriminatory grounds.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Punitive Damages)

17.    Plaintiff is not entitled to recover punitive or exemplary damages against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; (b) Defendant did not commit any alleged

30783_1

- 6 -

1  malicious or reckless act, authorize or ratify such an act, or have advance knowledge of

2  the unfitness, if any, of any employee or employees who allegedly committed such an act,

3  or employ any such employee or employees with a reckless indifference towards the

4  rights or safety of others, and (c) an award of punitive or exemplary damages under the

5  circumstances alleged would violate the due process clauses of the United States and

6  California constitutions.

7

8  ## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

9  (Punitive Damages)

10

11  18.    Plaintiff is barred from recovering punitive damages because

12  Defendant had in place a policy to prevent discrimination, harassment, and retaliation and

13  made good faith efforts to implement and enforce that policy.

14

15  ## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16  (Additional Affirmative Defenses)

17

18  19.    Defendant reserves the right to assert additional affirmative defenses

19  should it become aware of facts that warrant such defenses.

20

21  ## **PRAYER**

22

23  WHEREFORE, Defendant prays as follows:

24

25  1.    That Plaintiff take nothing by reason of her FAC and Judgment be

26  entered in favor of Defendant;

27

28  30783_1

- 7 -

1         2.      That Plaintiff's prayer for all compensatory damages, special

2  damages, punitive damages, interest, attorneys' fees and costs be denied;

3

4         3.      That Defendant be awarded its costs of suit and attorneys' fees

5  incurred herein; and

6

7         4.      For such other and further relief as the Court deems just and proper.

8

9  DATED: June 4, 2008       HODEL BRIGGS WINTER LLP

10                      GLENN L. BRIGGS
                            THERESA A. KADING

11                      THOREY M. BAUER

12                      By:

13                         THOREY M. BAUER
                      Attorneys for Defendant

14                      TARGET CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30783_1

ANSWER OF TARGET CORP. TO PLAINTIFF'S UNVERIFIED AMENDED COMPLAINT

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA                          )

3    COUNTY OF ORANGE                             ) ss:
                                                  )

4        I am employed in the County of Orange, State of California. I am over the age of 18, and
5    not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine
     Center Drive, Suite 1400, Irvine, CA 92618.

6        On **June 4, 2008**, I served the foregoing document(s) described as: **ANSWER OF**
7    **DEFENDANT TARGET CORPORATION TO PLAINTIFF'S UNVERIFIED AMENDED**
     **COMPLAINT** on the interested parties by placing a true and correct copy thereof in a sealed
8    envelope(s) addressed as follows:

9    John P. Cardosi
     Diemer, Whitman & Cardosi, LLP
10   75 East Santa Clara Street, Suite 290
     San Jose, California 95113
11   Telephone: (408) 971-6270
     Facsimile: (408) 971-6271

12

13   ☒    **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in
          the United States mail at Irvine, California. I am readily familiar with the practice of
14        Hodel Briggs Winter LLP for collection and processing correspondence for mailing.
          Under that practice, it would be deposited with the United States Postal Service on that
15        same day with postage thereon fully prepaid at Irvine, California in the ordinary course
          of business. I am aware that on motion of the party served, service is presumed invalid
16        if postal cancellation date or postage meter date is more than one day after date of
          deposit for mailing in affidavit.

17   ☐    **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine
          maintained by the office of the addressee(s) at the facsimile machine number(s)
18        indicated. Said facsimile number(s) are the most recent numbers appearing on
          documents filed and served by the addressee(s). I received electronic confirmation from
19        the facsimile machine that said document was successfully transmitted without error. A
          copy of said electronic confirmation is maintained in this office.

20   ☐    **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Hodel
          Briggs Winter LLP for the collection and processing of correspondence for overnight
21        delivery and know that the document(s) described herein will be deposited in a box or
          other facility regularly maintained by _____ for overnight delivery.
22

23   ☒    **STATE:** I declare under penalty of perjury under the laws of the State of California
          that the above is true and correct.

24   ☐    **FEDERAL:** I declare under penalty of perjury under the laws of the United States of
          America that the above is true and correct and that I took said action(s) at the direction
25        of a licensed attorney authorized to practice before this Federal Court.

26   Executed on **June 4, 2008** at Irvine, California.

27

28                                        _____
                                          Heather Downs

**EXHIBIT F**

1  GLENN L. BRIGGS (SB# 174497)
   THERESA A. KADING (SB# 211469)
2  THOREY M. BAUER (SB# 234813)
   HODEL BRIGGS WINTER LLP
3  8105 Irvine Center Drive, Suite 1400
   Irvine, CA 92618
4  Telephone: (949) 450-8040
   Facsimile: (949) 450-8033
5
   Attorneys for Defendant
6  TARGET CORPORATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  VICTORIA CHAU,                    CASE NO.:  107CV100965

12              Plaintiff,            **NOTICE TO ADVERSE PARTY OF**
                                      **REMOVAL OF CIVIL ACTION TO**
13         vs.                        **UNITED STATES DISTRICT COURT**
                                      **PURSUANT TO 28 U.S.C. §§ 1332 AND**
14  TARGET CORPORATION, and           **1441 (DIVERSITY)**
    DOES 1 to 50, inclusive,
15
                Defendants.
16                                    Action filed: December 13, 2007

17

18

19

20

21

22

23

24

25

26

27

28
    30791_1                      - 1 -
    ────────────────────────────────────────────
         NOTICE TO ADVERSE PARTY OF REMOVAL

1    TO PLAINTIFF VICTORIA CHAU AND HER ATTORNEYS OF RECORD:

2

3    PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4    the United States District Court for the Northern District of California on June 5, 2008. A

5    copy of said Notice of Removal and supporting exhibits are attached to this Notice, and

6    are served and filed herewith.

7

8    DATED: June 4, 2008    HODEL BRIGGS WINTER LLP

9                                    GLENN L. BRIGGS
                                     THERESA A. KADING
10                                   THOREY M. BAUER

11                                   By: _Theresa Kading_

12                                       THERESA A. KADING
                                     Attorneys for Defendant
13                                   TARGET CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30791_1                          - 2 -

NOTICE TO ADVERSE PARTY OF REMOVAL

**EXHIBIT G**

1  HODEL BRIGGS WINTER LLP
   GLENN L. BRIGGS (SB# 174497)
2  THERESA A. KADING (SB# 211469)
   THOREY M. BAUER (SB# 234813)
3  8105 Irvine Center Drive, Suite 1400
   Irvine, CA  92618
4  Telephone: (949) 450-8040
   Facsimile: (949) 450-8033
5
   Attorneys for Defendant
6  TARGET CORPORATION

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SANTA CLARA

10

11  VICTORIA CHAU,                      CASE NO.:  107CV100965

12                 Plaintiff,           NOTICE TO STATE COURT OF
                                        REMOVAL OF CIVIL ACTION TO
13        vs.                           UNITED STATES DISTRICT COURT
                                        PURSUANT TO 28 U.S.C. §§ 1332 AND
14  TARGET CORPORATION, and             1441 (DIVERSITY)
    DOES 1 to 50, inclusive,
15
                                        Action filed:  December 13, 2007
16                 Defendants.

17

18

19

20

21

22

23

24

25

26

27

28
    30787_1
                                   - 1 -

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SANTA

2    CLARA:

3

4    Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

5    Party of Removal of Civil Action to the United States District Court pursuant to 28 U.S.C.

6    sections 1332(a)(1) and 1441(a) (diversity).  The original Notice of Removal was filed

7    with the United States District Court for the Northern District of California with the

8    attached exhibits on June 5, 2008.

9

10    The filing of the Notice of Removal effects the removal of the above-entitled

11    action from this Court.

12

13    DATED: June **4**, 2008           HODEL BRIGGS WINTER LLP
                                        GLENN L. BRIGGS
14                                      THERESA A. KADING
                                        THOREY M. BAUER
15

16                                      By: _____
                                             THERESA A. KADING
17                                      Attorneys for Defendant
                                        TARGET CORPORATION
18

19

20

21

22

23

24

25

26

27

28
     30787_1                          - 2 -

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| VICTORIA CHAU | TARGET CORPORATION |

(b) County of Residence of First Listed Plaintiff **Santa Clara, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

John P. Cardosi          (408) 971-6270
Diemer, Whitman & Cardosi, LLP
75 East Santa Clara Street, Suite 290
San Jose, California 95113

Attorneys (If Known)

Theresa A. Kading
Hodel Briggs Winter LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618

C 08 02806

*(stamps: ADR, E-FILING, RS)*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | to Justice |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | Alien Detainee | | State Statutes |
| | Other | | ☐ 465 Other Immigration | | |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332, 1441
Brief description of cause:
Employment discrimination; wrongful termination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE June 4, 2008

SIGNATURE OF ATTORNEY OF RECORD *(signature: Theresa Kading)*

